■ BERNARD R. FALLON et al., as Candidates to the Democratic National Convention from the 26th Congressional District of the State of New York, Plaintiffs, v STATE BOARD OF ELECTIONS OF THE STATE OF NEW YORK,

Defendant.—*Per Curiam.* This is a submission of a controversy upon an agreed statement of facts pursuant to CPLR 3222 as follows: 1. Petitioners are candidates in the 26th Congressional District for the position of delegate to the Democratic National Convention to be held in July, 1976 and have pledged themselves pursuant to section 3(a) (5) of the New York State Democratic Party Rules to support presidential primary candidate Jimmy Carter, Jr. 2. Petitioners desire that the ballot for the April 6, 1976 Democratic presidential primary indicate their preference for the presidential primary candidate they intend to support as well as the presidential preference or uncommitted status of all other delegate candidates. 3. Defendant takes the position that the New York Election Law does not permit it to include on the Democratic primary ballot the presidential primary candidate preferences of candidates for delegate to a national party convention, nor does such law require any such delegate to vote for the candidate with whom he is identified. 4. Petitioners take the position that the defendant has erroneously construed its authority under the New York Election Law and that such law permits the defendant to provide presidential preference information on the ballot by administrative action and that section 3(2) (5) of the State party rules requires that any delegate pledged to a specific presidential primary candidate vote for the candidate on the first ballot at the convention, unless sooner released. 5. The sections of the New York Election Law at issue are sections 21, 69, 93, 108, 248, 466 and 469. 6. The controversy hereby submitted for decision is whether or. not the New York Election Law permits the defendant State Board of Elections by administrative action to identify candidates for delegate to a national party convention on such ballot by the name of the presidential primary candidate they are pledged to support, or as uncommitted, if any such candidate is not so pledged. While in the present day and age the relief sought might be practical and advisable, we consider it to be, in the first instance, a matter for the legislative process. The judgment should be directed to be entered declaring that the Election Law does not permit the State Board of Elections by administrative action to alter the form or content of primary ballots as prescribed by sections 108 and 248 of the Election Law. The motion by the New York State Republican Committee to intervene should be granted. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur. Judgment directed to be entered declaring that the Election Law does not permit the State Board of Elections by administrative action to alter the form or content of primary ballots as prescribed by sections 108 and 248 of the Election Law. Motion by the New York State Republican Committee to intervene granted.